JUDGE PRESKA

Martin F. Casey (MFC-1415)
**CASEY & BARNETT, LLC**
317 Madison Avenue, 21st Floor
New York, New York 10017
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
ALIMENTS IMEX FOODS, INC.

          Plaintiff,

  - against -

M/V CSAV HAMBURGO, her engines, boilers,
tackle, furniture, apparel, etc. *in rem*; COMPANIA
CHILENA DE NAVEGACION INTEROCEANICA,
S.A. *in personam*,

          Defendants.
------------------------------------------------------------x

08 CV 3347

08 Civ.

**COMPLAINT**



APR 04 2008
U.S.D.C. S.D. N.Y.
CASHIERS

     Plaintiff, by its attorneys, CASEY & BARNETT, LLC, for its Complaint, alleges upon information and belief, as follows:

     1.    This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. Jurisdiction is predicated upon 28 U.S.C. §1333.

     2.    At all material times, Plaintiff, ALIMENTS IMEX FOODS, INC. (hereinafter "AIF" or "Plaintiff") was and is a corporation with an office and place of business located at 1606 Rue De Beauharnois, Suite 100, Montreal, Quebec H4N 1J6, Canada, and was the consignee and/or assignee of certain cargo to be laden on board the M/V CSAV HAMBURGO, as more fully described below.

     3.    At all material times, Defendant, COMPANIA CHILENA DE NAVEGACION INTEROCEANICA, S.A. (hereinafter "CCNI"), is a foreign corporation with a place of business located c/o Norton Lilly International, One St. Louis Centre, Ste. 3002, Mobile, Alabama 36602,

and owns, operates, manages and/or charters ships, including the M/V CSAV HAMBURGO, that operate between various foreign and domestic ports and, in particular, within this district and was the owner, owner *pro hac vice*, charterer, manager and/or operator of the M/V CSAV HAMBURGO, and at all relevant times, was and is doing business within the jurisdiction of this Honorable Court..

4. At all material times, the M/V CSAV HAMBURGO (hereinafter "vessel") was and is a diesel-powered, ocean-going vessel engaged in the common carriage of cargoes on the high seas and may be within the jurisdiction of this Honorable Court during the pendency of process hereunder.

5. Plaintiff was the receiver, consignee, owner and/or assignee of the consignment hereinbelow described and bring this action on its own behalf and as an agent and/or trustee on behalf of and for the interest of all parties who may be or become interested in the said consignment, as their respective interests may ultimately appear, and Plaintiff is entitled to maintain this action.

6. On or about September 27, 2007, a consignment consisting of 5,016 cases of fresh mangos laden into container number GESU 926391-2, then being in good order and condition, was delivered to defendant CCNI and the M/V CSAV HAMBURGO at the port of Guayaquil, Ecuador, for transportation to Montreal, Canada via the port of New York, in consideration of an agreed freight pursuant to CCNI bill of lading number BL-ECGYE-00878926-7 dated September 27, 2007.

7. Thereafter, the aforementioned consignment was loaded aboard the M/V CSAV HAMBURGO, CCNI bill of lading number BL-ECGYE-00878926-7 was issued, and the vessel sailed for the intended port of destination.

8. On or about October 7, 2007 the consignment arrived at the port of New York for transshipment and arrived at its final destination in Montreal on October 13, 2007.

9. Upon discharge it was discovered that the consignment was not in the same good order and condition as when received by defendants, but instead had suffered physical damage during transit due to lack of ventilation and no air exchange in the container during the entire voyage.

10. The damage to the aforementioned cargo did not result from any act or omission on the part of plaintiff or on the part of the shipper, but to the contrary, was the result in whole or in part, of the negligence and/or fault of defendants CCNI and/or the unseaworthiness the M/V CSAV HAMBURGO.

11. By reason of the foregoing, plaintiff has sustained damages in the total amount of $48,761.64 plus expenses, no part of which has been paid, although duly demanded.

12. Plaintiff has a maritime lien against the M/V CSAV HAMBURGO for the damages referred to herein and will enforce that lien in these proceedings.

13. All and singular the matters alleged herein are true and correct. Plaintiff reserves the right to amend and supplement this complaint, as further facts become available.

**WHEREFORE**, Plaintiff prays:

1. In rem service of process be issued against the M/V CSAV HAMBURGO, her engines, boilers, tackle, furniture, apparel, etc.; that the vessels be seized and that all those claiming an interest in her be cited to appear and answer under oath both all and singular the matters aforesaid;

2. If the in personam defendants cannot be found within this District, then all their property within this District be attached in the amount of $48,761.64 with interest thereon and costs, the sums sued for in this Complaint;

3. The M/V CSAV HAMBURGO, her engines, boilers, tackle, furniture, apparel, etc., be condemned and sold to satisfy the judgments herein in favor of plaintiffs;

4. The Court order, adjudge and decree that defendants COMPANIA CHILENA DE NAVEGACION INTEROCEANICA, S.A. and The M/V CSAV HAMBURGO be found joint and severally liable and pay to plaintiff the losses sustained herein, together with pre-judgment and post judgment interest thereon and their costs; and,

5. That this Court grant to plaintiff such other and further relief as may be just and proper.

Dated: New York, New York
April 4, 2008
289-05

CASEY & BARNETT, LLC
Attorneys for Plaintiff

By: *[signature]*
Martin F. Casey (MFC-1415)
317 Madison Avenue, 21st Floor
New York, New York 10017
(212) 286-0225